[Civ. No. 8835. Third Dist. Nov. 2, 1956.]

FRED C. JENSEN et al., Appellants, v. W. R. SHADBURNE et al., Respondents.

Mark M. Brawman for Appellants.

Burton, Lee & Hennessy for Respondents.

McMURRAY, J. pro tem.*—Plaintiffs Jensen, through their predecessors in interest in two gold dredging companies, had the right to maintain a dam and ditch at diversion point Number 12 on Seiad Creek. The Jensens succeeded to this right when they purchased the property. In the winter of 1952-1953 storms destroyed Jensens' diversion works at point number 12 and required the construction of new facilities or the extension of the ditch upstream. Mr. Jensen obtained written permission to extend his ditch upstream toward diversion point number 10 from a certain Mr. Wigley, who was a coowner of the property over which such extension was to be made. Before Mr. Wigley gave permission to the Jensens to extend the ditch over the property here involved he had leased that property to the Seven Oaks Lumber Company. This lease reserved to the lessor the right to use the premises for agricultural purposes. Subsequently, this lease was assigned by the lumber company to the Winkleman Company as security in certain transactions, and the Winkleman Company had gone into possession and employed Shadburne as its agent in actual possession. Shadburne, also, was a beneficiary of a deed of trust on this same property. By a superior court action in Siskiyou County, the plaintiffs' predecessor gold companies also had the right to take 40 inches of water from diversion point number 10 on the creek. There was a stipulation in that action for judgment that the gold companies, in return for the right to take water at point number 10, would share one-half of the maintenance costs for the diversion works at point number 10 with Mr. Shadburne who was the predecessor in interest of Mr. Wigley.

Acting upon the permission given by Mr. Wigley, the Jensens extended their ditch up the creek to diversion point number 10. Defendant Shadburne then ordered the defendant Edgecomb to fill it up. This was done. The Jensens then brought suit to prevent Shadburne from interfering with the ditch and for damages for crop losses and for punitive damages.

Shadburne interposed defenses and a counterclaim. He alleged that the construction of the ditch was in violation of a judgment determining the water rights on the creek and as a counterclaim asked for damages for trespass. Shadburne asserted that he had agreed with plaintiffs' predecessor in interest to furnish 40 inches of water at point number 10,

*Assigned by Chairman of Judicial Council.

and that they had agreed to share the maintenance costs at diversion point number 10. He asked that plaintiffs be compelled to compensate him for the costs of maintenance at diversion point number 10.

The trial court found that the Jensens had no right to change their diversion point to the injury of any other person, and that the extension of the ditch was a trespass on the lands in possession of Wigley's lessee and defendant Shadburne as beneficiary under the deed of trust. The court awarded Shadburne $50 damages which represented the cost of filling in the ditch. The court also determined that Shadburne was entitled to $125 as one-half of the cost of maintaining the works at diversion point number 10.

The appellants Jensen contend that they were not trespassers on the land of Wigley, and that, therefore, Shadburne had no right to fill up the ditch and further complain that the reservation in the lease by Wigley to the Seven Oaks Lumber Company of the right to use part of the property for agricultural purposes justified Wigley's action in giving the Jensens the right so to use such property. As far as the reservation by Wigley to use part of the land for agricultural purposes was concerned the trial court decided that this was intended to mean a reservation on the demised lands and not a reservation to transfer water to other lands. The trial court viewed the property here involved and its construction of this provision in the lease would seem to be logical and proper.

Shadburne, as the beneficiary under a deed of trust, could maintain an action to prevent the impairment of his security, but in such case the damage must be such as to materially impair his security. (*Robinson* v. *Russell*, 24 Cal. 467.) This interest of Shadburne's would not seem to have been substantial in the eyes of the trial court, as the court assessed $50 as damages for the invasion of the property covered by the deed of trust, which would, therefore, indicate that no material impairment of the security had resulted. However, since Shadburne was employed as an agent of the Winkleman Company, the assignee of the Seven Oaks Lumber Company lease, it would appear that the trespass was committed by the Jensens, since if the permission granted was ineffective the Jensens were trespassers. (See Rest., Torts, § 164.) The fact that the assignment of the Winkleman Company carried with it the right to possession of the land is a sufficient interest to justify that possessor to repel a tres-

pass by reasonable means. (Prosser on Torts, p. 131.) Here, the filling in of the ditch dug by the Jensens was such an act on the part of the lessee's assignee in possession.

Appellants complain that the judgment insofar as the $125 award against them as their share of the maintenance cost at diversion point 10 is unsupported by the evidence, since it is apparent by the record that there was no showing of notice to the Jensens of the stipulation between their predecessors in interest and Shadburne as to the maintenance of the diversion works at point number 10 on Seiad Creek. Appellants' contention in this respect is not supportable. In their answer to the cross-complaint and counterclaim, the appellants admit that they are the successors in interest to the gold dredging companies which entered into the stipulation with Shadburne, and during the course of trial it appears that the Jensens have received water from point number 10 in accordance with the judgment entered in the action establishing the rights to water in Seiad Creek. Therefore, having admitted that they are successors in interest of the companies which by contract stipulation agreed to share in the cost of maintaining the diversion works and since the very basis for his action here is based upon another section of the same judgment, it appears that appellants are in the position of attempting to accept the benefits of a judgment or contract without undertaking the burdens imposed thereby.

The judgment appealed from is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied November 27, 1956, and appellants' petition for a hearing by the Supreme Court was denied December 24, 1956.